THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| URBAN CONSTRUCTION, INC., | Case No.: 1:22-cv-03486-JPC |
| Plaintiff, | |
| -vs- | |
| THE TRAVELERS INDEMNITY COMPANY | **DECLARATION FOR JUDGMENT BY DEFAULT** |
| Defendant. | |

------------------------------------------------------------X

THE TRAVELERS INDEMNITY COMPANY

        Third-Party Plaintiff,

  -vs-

AmGUARD Insurance Company

        Third-Party Defendant.

------------------------------------------------------------X

    I, Rachel J. Fain, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Court and associated with the firm of Usery & Associates, attorneys for the Third-Party Plaintiff, The Travelers Indemnity Company ("Travelers"), in the above-captioned matter and I am familiar with the facts and circumstances in this action.

    2.    I make this affidavit pursuant to Rule 55.1 and Rule 55.2(a) of the Civil Rules for the Southern District of New York, in support of the Third-Party Plaintiff's application for the entry of a default judgment against Third-Party Defendant AmGUARD Insurance Company ("AmGUARD").

**Basis for Entering Default Judgement**

    3.    In this third-party action, Travelers seeks a declaration that AmGUARD is

obligated to defend and indemnify Urban Construction, Inc. ("Urban") on a primary and non-contributory basis and that the obligations of Travelers to Urban is excess over AmGUARD's coverage obligation based on the Other Insurance provisions of the Travelers Policy, in relation to the lawsuit entitled *Gege Beqaraj v. ERST 1400 Broadway, L.P. et al* in the Supreme Court of the State of New York, County of Bronx, Index Number 20125/2020E (the "Underlying Action").

4. Urban is being provided a defense in the Underlying Action under the AmGUARD Policy and Travelers Policy on a co-primary basis.

5. A true and correct copy of the Summons and Complaint in the Underlying Action dated January 3, 2020 is attached hereto as **Exhibit A.**

6. Travelers commenced this third-party action against AmGUARD on March 8, 2023 pursuant to 28 U.S.C § 2201, seeking a declaration that AmGUARD is obligated to defend and indemnify Urban on a primary and non-contributory basis in connection with the Underlying Action.

7. A true and correct copy of the March 8, 2023 Declaratory Judgment Third-Party Complaint against AmGUARD is attached hereto as **Exhibit B.**

8. A copy of the summons and complaint was served on AmGUARD, an insurance company authorized to do business in New York State, through the New York State Department of Financial Services ("DFS") pursuant to Section 1212 of the New York Insurance Law on March 24, 2023. *See* Service of Legal Process guidance on DFS' website, available at https://www.dfs.ny.gov/industry_guidance/service_legal_process (last visited April 25, 2023). Travelers sent the service package via Certified Mail to the mailing address provided on DFS' website for service of process. Proof of service was filed with the Court on April 5, 2023. (Doc. # 35). A true and correct copy of the e-filed Affidavit of Service by Mail is attached hereto as

**Exhibit C**. Additionally, a true and correct copy of the acknowledgement of service correspondence from the DFS dated March 31, 2023 is attached hereto as **Exhibit D.**

9. To date, AmGUARD has neither appeared in this action nor otherwise moved with respect to the Third-Party Complaint in this action nor contacted undersigned counsel. The deadline for AmGUARD to answer or otherwise move has expired.

10. On April 27, 2023, the Clerk's Certificate of Default was entered as to AmGUARD (Doc. #42). A true and correct copy of the Clerk's Certificate of Default is attached hereto as **Exhibit E.**

**Legal Basis for Declaratory Relief**

11. As set forth in the Third-Party Complaint, Travelers issued to Innovative Surfaces Inc. ("Innovative") a policy of Commercial General Liability insurance bearing policy number 68G08K829123 with effective dates of 4/16/2019 to 4/19/2020 (the "Travelers Policy").

12. The Travelers Policy provides, in relevant part, as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> > **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at or discretion, investigate any "occurrence" and settle any claim or "suit" that may result
>
> > \*\*\*
>
> **2. Exclusions**
>
> This insurance does not apply to:

3

### g. Aircraft, Auto or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading".

This exclusion applies even if the claims against the insured alleged negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

13. The Travelers Policy further provides in part:

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

**4. Other Insurance**

   b. Excess Insurance

   (1) This insurance is excess over:

   (a) Any of the other insurance, whether primary, excess, contingent or on

   any other basis:

   (iii) If the loss arises out of the maintenance or use of

   aircraft, "autos", or watercraft to the extent not

   subject to any exclusion in the Coverage Part that

   applies to aircraft, "autos" or watercraft;

14. AmGUARD issued to Urban a policy of commercial auto insurance bearing policy number URAU69619 with effective dates of 5/25/2019 to 5/25/2020 (the "AmGUARD Policy").

15. The AmGUARD Policy generally provides coverage for "bodily injury" for an "accident" resulting from the ownership, maintenance or use of a covered "auto."

4

16. The AmGUARD Policy states that:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos".

\*\*\*

17. On or about September 4, 2019, Innovative and Urban entered into a contract whereby Innovative was retained as a vendor for a project on certain floors of 1400 Broadway, New York, NY (the "Contract").

18. In the Underlying Action, plaintiff Gege Beqaraj alleges that on December 10, 2019, he was injured while working at 1400 Broadway in New York, New York. A true and correct copy of the Amended Complaint in the Underlying Action is annexed hereto as **Exhibit F**.

19. In the Amended Complaint in the Underlying Action, Beqaraj alleges negligence and claims for violations of New York Labor Law against Innovative.

20. In the Underlying Action, Beqaraj was injured during the course of his employment for Urban.

21. Beqaraj's injuries alleged in the Underlying Action were sustained while he was unloading panels from an Urban truck.

22. In the Underlying Action, a Third-Party Complaint was filed against Urban and Urban is a third-party defendant in the Underlying Action. A true and correct copy of the Third-Party Summons and Complaint from the Underlying Action Is annexed hereto as **Exhibit G.**

23. Because the injuries incurred and alleged in the Underlying Action were sustained by Begaraj while he was unloading panels from an Urban truck, the AmGUARD Policy provides coverage to Urban in connection to the Underlying Action.

24. Urban is entitled to defense and indemnity from AmGUARD on a primary and non-contributory basis for the Underlying Action based on the terms of AmGUARD's Policy.

25. If Urban entitled to defense and/or indemnity from Travelers for the Underlying Action, which is disputed, Travelers' obligation to Urban is excess over AmGUARD's coverage obligation based on the Other Insurance provisions of the Travelers Policy.

26. To date, AmGUARD has failed and refused to accept the defense and indemnification of Urban on a primary and non-contributory basis in connection with the Underlying Action.

27. Pursuant to 28 U.S.C. § 2201 (the "Declaratory Judgment Act"), "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Declaratory Judgment Act was enacted "to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Garanti Finansal Kiralama A.S. v. Aqua Maine and Trading Inc.*, 697 F.3d 59, 66 (2d Cir. 2012), *citing Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392, 397 (2d Cir. 1975).

**AWARD OF DAMAGES**

28. Travelers is seeking a declaration that AmGUARD is obligated to defend and indemnify Urban on a primary and non-contributory basis in connection with the Underlying Action and that the obligations of Travelers to Urban in connection with the Underlying Action is excess over AmGUARD's coverage obligation based on the Other Insurance provisions of the Travelers Policy.

29. Travelers submits that, while an inquest to determine damages is appropriate in this action, such inquest may appropriately be conducted by affidavit. *See, e.g., Pacific Westeel, Inc. v. D&R Installation*, No. 01Civ.0293(RLC)(AJP), 2003 WL 22359512, at *1 (S.D.N.Y. Oct. 17, 2003) ("The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, 'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'"), *quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997), *in turn quoting Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

30. Accordingly, Travelers requests that a judgement of default be entered against Third-Party Defendant AmGUARD and declaring that (i) Third-Party Defendant AmGUARD has a primary and non-contributory duty to defend Urban with respect to the Underlying Action; (ii) Third-Party Defendant AmGUARD has a primary and non-contributory duty to indemnify Urban with respect to the Underlying Action; (iii) Any obligations of Travelers to Urban with respect to the underlying action entitled *Gege Beqaraj v. ERST 1400 Broadway, L.P., et al,* pending in the Supreme Court of the State of New York, County of Bronx, Index No. 20125/2020E are excess to proper exhaustion and full payment of respective limits of the AmGUARD Policy by means of a verdict, judgment, or settlement; (iv) an Award in favor of Travelers against AmGUARD is

granted for all sums Travelers has paid in defending Urban as to the Underlying Action; and (v) Granting an award in favor of Travelers for the costs of suit incurred herein.

31. I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
        May 3, 2023

                                        By:   /s/Rachel J. Fain_____
                                              Rachel J. Fain